UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEVIN A. M.,** | **Civil Action No. 21-11212 (SDW)** |
| **Petitioner,** | |
| v. | **OPINION** |
| **WARDEN, ESSEX COUNTY CORRECTIONAL FACILITY,** | |
| **Respondent.** | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Kevin A. M. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 4). Petitioner thereafter filed a reply. (ECF No. 7). For the following reasons, Petitioner's habeas petition is denied without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen Jamaica who was admitted to the United States as a conditional resident in April 2008. (Document 2 attached to ECF No. 4 at 1). In October 2019, however, Petitioner was convicted of various drug-related crimes in New Jersey. (*Id.* at 1-4). Following his release from criminal detention, Petitioner was taken into immigration custody and placed him in mandatory detention pursuant to 8 U.S.C. § 1226(c) in July 2020. (Document 3 attached to ECF No. 4 at 1). In October 2020, Petitioner was ordered removed. (Document 1 attached to ECF No. 4). The Board of Immigration Appeals dismissed his appeal in July 2021. (Document 2 attached to ECF No. 7). Petitioner thereafter filed a petition for review and a stay of

removal before the Third Circuit.  (*See* Documents 3-4 attached to ECF No. 7).  On July 28, 2021,

the Clerk of the Third Circuit entered an order temporarily granting Petitioner's stay motion

pursuant to a standing order of the Court of Appeals.  (Document 4 attached to ECF No. 7).  On

September 22, 2021, however, a panel of the Third Circuit vacated that temporary stay and denied

Petitioner's motion seeking a stay on the merits, finding that "Petitioner has not shown that [he] is

likely to succeed on the merits of his petition for review."  (*See Marsh v. Att'y Gen*, Third Circuit

Docket No. 21-2409 at Document No. 11).  It is thus clear that Petitioner is currently detained

pursuant to an administratively final order of removal and that he is not subject to any judicially

ordered stay of removal at this time.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is

in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is

currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction,

and asserts that his continued detention violates due process, this Court has jurisdiction over his

claims.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S.

484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition, Petitioner argues that his immigration detention has become unduly prolonged and that he should therefore be entitled to a bond hearing.  As Petitioner has received a final order of removal and been denied a stay of removal on the merits, Petitioner is now detained pursuant to 8 U.S.C. § 1231(a), the statute which governs post-final order of removal immigration detention. S*ee* 8 U.S.C. § 1231(a)(1)(B)(ii); *Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012).  As Petitioner is now held under § 1231(a), any challenge to his previous period of detention under 8 U.S.C. § 1226(c) is moot.  *See, e.g., Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (entry of final order of removal in the form of dismissal of appeal by the BIA renders challenges to pre-final order detention under § 1226 moot).

Petitioner's claim of prolonged detention must therefore be evaluated under the rubric applicable to post-final order of removal detention.  Because Petitioner is detained under § 1231(a), the propriety of his current period of detention is controlled by the Supreme Court's decision in *Zadvydas* and the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018).       As the Supreme Court has explained,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2).  After that time elapses, however, § 1231(a)(6) provides only that aliens "*may* be detained" while efforts to complete removal continue.  (Emphasis added).
>
> In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonably necessary to secure removal," [533 U.S. at 699,] and it further held that six months is a presumptively reasonable period, *id.* [at 701.]  After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843 (2018).

Pursuant to *Zadvydas*, any challenge to § 1231(a) detention by an alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as premature. *Id.*; *Zadvydas*, 533 U.S. at 701.  Although the Third Circuit has provided an alternative avenue for relief in the form of a bond hearing for those aliens whose detention under § 1231(a) has become prolonged, the Third Circuit, too, has recognized that such challenges may not be brought until the alien has been held under § 1231(a) for at least six months. *See Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018).  *Zadvydas* and *Guerrero-Sanchez* thus make it abundantly clear that an alien detained pursuant to § 1231(a) *must* be detained during the statutory ninety-day removal period and that he may not thereafter challenge his detention under § 1231(a) until he has been detained under the statute for at least six months.

In this matter, Petitioner has been detained under § 1231(a) since the Third Circuit vacated his temporary stay of removal and denied his motion for a stay of removal on the merits on September 22, 2021.  As Petitioner is therefore clearly still within both the ninety-day removal period during which his detention is mandatory and the six-month presumptively reasonable period during which the Government may detain him without challenge. His detention under § 1231(a) is therefore presumptively reasonable and his challenge to that detention is premature and must be denied as such.  *Guerrero-Sanchez*, 905 F.3d at 225-26.  Petitioner's habeas petition is therefore denied without prejudice as premature.

**III. CONCLUSION**

      For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**

**WITHOUT PREJUDICE**.  An appropriate order follows.

Dated: October 12, 2021

                                                   ***s/Susan D. Wigenton***
                                                   Hon. Susan D. Wigenton,
                                                   United States District Judge